For the reasons stated, I respectfully dissent.

STATE ex inf. Thomas W. DIETRICH, Prosecuting Attorney, ex rel. Robert TURPIN, et al., Relators,

v.

Honorable Fred RUSH, et al., Judges, 11th Judicial Circuit, Respondents.

No. 63774.

Supreme Court of Missouri, En Banc.

July 6, 1982.

Rehearing Denied Aug. 2, 1982.

Thomas W. Dietrich, Bowling Green, for relators.

John M. McIlroy, Sr., Bowling Green, for respondents.

WELLIVER, Judge.

Relators, the county court judges of Pike County, seek to oust respondents, the circuit judges, from usurping relators' authority to

"fix all salaries of employees, other than those established by law," of the Pike County recorder of deeds office. We hold that respondents have no authority to fix the salaries of deputy recorders of deeds.

Pike County is a third class county that continues to maintain combined offices of circuit clerk and ex-officio recorder of deeds. § 59.040, RSMo 1978.[1] Loretta Bird, circuit clerk and ex-officio recorder of deeds, pursuant to the provisions of § 50.-540 prepared and filed with respondents' approval a budget form for the office of clerk of the circuit court and a form for the office of recorder of deeds. The latter form reflected raises of $75 per month ($900 per annum) for each of two deputy clerks. Relators attempted to reduce each of the two raises to $25 per month. Respondents authorized the full amount of the raises, and they directed that $25 be paid monthly to each of the two employees and that the disputed $50 per month for each be paid into escrow pending this Court's resolution of the matter. It is not disputed that respondents approve the appointments of the two deputy recorders. § 59.300. Nor is it disputed that the deputies are permitted to and at times do perform the functions of deputy circuit clerks. The salary of the circuit clerk and ex-officio recorder of deeds is approved by the circuit court and is now paid by the state. § 483.083. Deputy circuit clerks are appointed by the clerks and also are now paid by the state. § 483.245.

Section 59.257, relating to recorders of deeds in third class counties having *separate* offices of recorder and circuit clerk, provides that "[t]he deputies appointed as herein provided shall receive the salaries that are fixed by the recorder of deeds, *with the approval of the county court,* from the general revenue of the county." (Emphasis added.) The statutes make no provision for the approval of salaries of deputy recorders in the situation in which the offices, as here, are combined.

Section 50.640, which has been on our books since 1933, provides:

Except as in this section otherwise specified, all offices, departments, courts, institutions, commissions or other agencies spending moneys of the county shall perform the duties and observe the restrictions set forth in sections 50.540 to 50.630 relating to budget procedure and appropriations. The estimates of the circuit court, *including all activities thereof and of the circuit clerk,* shall be transmitted to the budget officer by the circuit clerk. The estimates of the circuit clerk shall bear the approval of the circuit court. The budget officer or the county court shall not change the estimates of the circuit court or of the circuit clerk without the consent of the circuit court or circuit clerk, respectively, but shall appropriate in the appropriation order the amounts estimated as originally submitted or as changed, with their consent.

(Emphasis added.)

Sections 483.083 and 483.245, which make circuit clerks and their deputies state employees, were enacted as a part of the Court Reform and Revision Act of 1978, 79th Gen. Assem., 2d Reg. Sess., 1978 Mo.Laws 696, 897–99, 904–05. Present § 50.641 was enacted as a part thereof and provides:

1. *The estimates of the circuit court referred to in section 50.640 which are to be included within the county budget by the budget officers and the county courts without change shall include those categories of expenditures to support the operations of the circuit court which are attributable to the business of the circuit judges, associate circuit judges and the staffs serving such judges.*

2. Nothing contained in section 50.640 shall be construed as providing for the budgeting of county funds to fund the operation of municipal divisions of the circuit court.

1978 Mo.Laws at 717 (emphasis added). Again, no specific provision was made with regard to counties having the combined offices of circuit clerk and recorder of deeds. Section 50.641, however, does evince a clear legislative intent that the circuit court's

---

1. All statutory references are to RSMo 1978.

power to fix its budget, including salaries, relates solely to "those categories of expenditures to support the operations of the circuit court which are attributable to the business of the circuit judges, associate circuit judges and the staffs serving such judges." Nothing in the statutes implies that the legislature intended to take from the county court the general power of and responsibility for fixing and paying the salaries of deputy recorders of deeds. We hold that respondents have no legal authority to fix the salaries of deputy recorders in counties that maintain a combined office of circuit clerk and recorder of deeds. Respondents' order that the disputed money be paid into escrow should be vacated, and that money should be returned to the county treasury.

It is so ordered.

All concur.